**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD, 96-A-3015,**

                      **Plaintiff,**                    08-CV-473(Sr)

v.

**LESTER WRIGHT, et al.,**

                      **Defendants.**

---

## DECISION AND ORDER

Currently before the Court is plaintiff's motion for appointment of an expert witness, pursuant to Rule 706 of the Federal Rules of Evidence, regarding the diagnosis and treatment of multiple sclerosis. Dkt. #8.

Rule 706 of the Federal Rules of Evidence permits the Court to appoint an expert witness. "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Benitez v. Mailloux,* No. 09-CV-1160, 2007 WL 836873, at *1 (N.D.N.Y. March 15, 2007), *quoting Pabon v. Goord*, No. 99CIV5869, 2001 WL 856601, at *1 (S.D.N.Y. July 30, 2001). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert, in its assessment of technical issues." *Benitez*, 2007 WL 836873, at *1. Thus, the "most important factor in favor of appointing an expert is that the case involves a complex or

esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Reynolds v. Goord*, No. 98 Civ. 6722, 2000 WL 825690 at *2 (S.D.N.Y. June 26, 2000).

The Court should also bear in mind the substantial expense that defendants may have to bear if the Court appoints an expert in a case where, as in this action, one of the parties is indigent. *See* F.R.E. 706(b). Given the large number of cases involving indigent prisoners, and the substantial costs that may result, appointment of an expert should be used sparingly. *See Benitez*, 2007 WL 836873, at *2, *quoting Pabon*, 2001 WL 856601, at *2.

At this early stage of the proceeding, there is no basis for the Court to believe that plaintiff's claim of denial of adequate medical care cannot be grasped without the assistance of an appointed medical expert. Accordingly, plaintiff's motion is denied without prejudice.

**SO ORDERED.**

DATED:  Buffalo, New York
        October 6, 2009

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**