UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MALIK MUHAMMAD, 96-A-3015,**

                **Plaintiff,**                08-CV-473(Sr)

v.

**LESTER WRIGHT, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #13.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court notes that plaintiff filed a similar motion for appointment of counsel on August 21, 2009 and this Court denied that motion on October 6, 2009. *See* Dkt. ## 8 and 9. The Court has once again reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he has been denied appropriate medical treatment for his serious medical condition. Dkt. #1. In support of his motion for appointment of counsel, plaintiff asserts that the issues involved are complex; that he has limited access to the law library and to materials needed to

prosecute his claim; and that he lacks familiarity with the legal process. Dkt. #13. In addition, plaintiff suggests that he is at a distinct disadvantage because he is currently housed at the Green Haven Correctional Facility and the events at issue took place while plaintiff was housed at the Attica Correctional Facility. *Id*. Specifically, plaintiff states, "[s]econd, plaintiff is unable to investigate crucial facts because he currently is incarcerated in a facility different from that in which the alleged conduct took place. [Attica]." Dkt. #13, p.5. The Court notes that in a separate action entitled, *Malik Muhammad v. Correctional Sergeant Lowe, et al.*, Case No. 08-CV-658, presently pending before this Court is plaintiff's motion for a temporary restraining order seeking an Order from this Court directing that plaintiff not be sent back to Attica Correctional Facility during the pendency of that action. *See* Case No. 08-CV-658, Dkt. #15. Plaintiff's efforts to use his facility designation within DOCS as a means to secure legal representation in one case and then as a means to obtain an order preventing his return to that facility in another case will not be tolerated. The facts in this matter are not complex and plaintiff has not established, at this early stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
               November 19, 2009

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**