**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD, 96-A-3015,**

                  **Plaintiff,**           **08-CV-473(Sr)**

**v.**

**LESTER WRIGHT, et al.,**

                  **Defendants.**

---

## DECISION AND ORDER

Plaintiff, Malik Muhammad, proceeding *pro se*, has filed another motion for the appointment of counsel. Dkt. #25. However, the Court notes that notwithstanding the caption on the instant motion, a careful review of the body of the motion reveals that plaintiff's request for the appointment of counsel relates to plaintiff's claim of excessive use of force and a resulting knee injury which is the subject of plaintiff's other case presently pending in the Western District of New York, *Muhammad v. Lowe, et al.*, Case No. 08-CV-658. So as to not create further confusion among the parties and with the Western District of New York docket sheets for each case, the Court, will issue this Decision and Order using the caption used by plaintiff on the instant motion and file the Decision and Order in both cases. The Court has previously denied three motions for the appointment of counsel (Dkt. ##4, 9 and 17), the most recent being a Decision and Order filed on May 13, 2010. *See* Dkt. ##6, 12 and 51.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his

chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was subjected to excessive force while incarcerated at the Attica Correctional Facility. Dkt. #5. In support of his motion for appointment of counsel, plaintiff states that his imprisonment will greatly limit his ability to litigate this matter. Moreover, plaintiff complains that his current place of confinement, Southport Correctional Facility, provides him with only limited access to the law library and further, that the Southport law library is inadequate. In addition, plaintiff asserts that he has limited knowledge of the law, a trial will likely involve conflicting testimony and "counsel would better enable plaintiff to present evidence and cross-examine witnesses who has [sic] the relevant knowledge of facts related of [sic] plaintiff amending his original section 1983 petition and adding defendants employed at Greenhaven Correctional Facility." Dkt. #25. Finally, plaintiff states, "the law library here at Southport is 'time consuming' and the plaintiff is only allowed to order two (2) items at a time. In part, plaintiff does present evidence as here so attacked [sic] that shows this court, plaintiff has tried to get a lawyer." *Id*. Contrary to plaintiff's assertions, the facts in this matter are not complex and plaintiff has not established, at this early stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above. In fact, plaintiff

has demonstrated his capacity to articulate to the Court both the facts and legal theories supporting his claim.

Plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
        May 17, 2010

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**