**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD, 96-A-3015,**

                    **Plaintiff,**              08-CV-473(Sr)

v.

**LESTER WRIGHT, et al.,**

                    **Defendants.**

---

**DECISION AND ORDER**

Currently before the Court is plaintiff's motion for an Order directing that plaintiff submit to a physical examination, pursuant to Rule 35 of the Federal Rules of Civil Procedure with respect to his diagnosis and treatment of multiple sclerosis. Dkt. #17. In his complaint, plaintiff alleges that he has been denied appropriate medical treatment for his serious medical condition. Dkt. #1. Specifically, plaintiff alleges that on March 10, 2008, defendants reduced the dosage of his intravenous steroid medication that he was scheduled to receive on that day. Dkt. #1, pp.4-5.

In support of the relief sought by plaintiff in the instant motion, plaintiff states, in part,

> Admissible information will be amply provided by such medical doctor chosen by this court to perform such physical examination on the plaintiff. . . . The outside medical doctor chosen by this court, who's held responsible for conducting such examination the medical representative must have professional and reliable knowledge of plaintiff's serious medical condition of multiple sclerosis (MS) and the possibility of the plaintiff obtaining a involuntary physical

> injury but not limited to a MS prisoner not receiving his
> already prescribed medication(s) sanctioned by a
> neurologist, specifically ordered to decrease a MS patient's
> brain lesions that are related to such demyelinating [sic]
> disease. And the medical risk of plaintiff having such
> demyelinating [sic] disease, which is chronic, progressive,
> and unpredictable. The question that must be medically
> answered can plaintiff Malik Muhammad who has such
> demyelinating [sic] disease, suffer any type of physical
> everlasting injury and/or one that is mental and/or physical
> but founded on sporadic discharge?

Dkt. #17. Although difficult to comprehend, the instant motion is reminiscent of plaintiff's prior motion seeking the appointment of a medical expert pursuant to Rule 706 of the Federal Rules of Evidence. Dkt. #8. This Court denied plaintiff's motion seeking the appointment of an expert witness on the grounds that, "[a]t this early stage of the proceeding, there is no basis for the Court to believe that plaintiff's claim of denial of adequate medical care cannot be grasped without the assistance of an appointed medical expert." Dkt. #10.

Rule 35(a)(1) and (2) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) The court where the action is pending may order a party
> whose mental or physical condition ... is in controversy to
> submit to a physical or mental examination by a suitably
> licensed or certified examiner.
> (2)(A) The order may be made only on motion for good
> cause and on notice to all parties and the person to be
> examined ...

The decision to grant or deny a Rule 35(a) examination is committed to the sound discretion of the district court. *O'Quinn v. New York University Medical Center*, 163 F.R.D. 226, 228 (S.D.N.Y.1995); *Hodges v. Keane*, 145 F.R.D. 332, 334

(S.D.N.Y.1993). The moving party, however, must bear the cost of the examination. *Eckmyre v. Lambert*, No. Civ. A. 87-222-O, 1988 WL 573858, at *1 (D.Kan. Sept. 6, 1988) (noting that the moving party bears the cost of the examination and the party being examined bears all other costs).

Rule 35 does not, however, authorize a party to file a motion for his own physical examination. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir.1997) (Rule 35 motion not properly used to obtain medical care or to complain of deliberate indifference to an inmate's medical needs). Although plaintiff's March 10, 2008 treatment for multiple sclerosis is a matter in controversy as alleged in plaintiff's complaint, the instant motion is, on the one hand, an attempt by plaintiff to obtain medical care, and on the other hand, an attempt by plaintiff to secure an expert witness through alternative means. As discussed above, this Court has previously denied plaintiff's motion for an expert witness and in its previous Decision and Order, this Court noted,

> [t]he Court should also bear in mind the substantial expense that defendants may have to bear if the Court appoints an expert in a case where, as in this action, one of the parties is indigent. *See* F.R.E. 706(b). Given the large number of cases involving indigent prisoners, and the substantial costs that may result, appointment of an expert should be used sparingly.

Dkt. #10 (internal citations omitted). The Court notes that discovery in this matter is ongoing and the Court recently received a letter from plaintiff dated March 22, 2010, seeking permission to amend the complaint. By Text Order, the Court advised plaintiff that his letter request was insufficient and that in order to properly seek leave of Court

to amend the complaint, plaintiff must file and serve on counsel for the defendants a motion, a supporting affidavit setting forth the basis for the relief sought, together with a proposed amended complaint. Dkt. #27. The Court further notes that a Preliminary Pretrial Conference will be scheduled in the near future and a formal Case Management Order will be put into place setting forth discovery and dispositive motion deadlines. Thus, because this case is still in its infancy, plaintiff's motion for a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure at this time is premature. Moreover, as discussed above, Rule 35 does not authorize a party to file a motion for his own physical examination and this Court has previously denied plaintiff's motion for an expert witness. Accordingly, for the foregoing reasons, plaintiff's motion is denied.

**SO ORDERED.**

DATED:  Buffalo, New York
        May 17, 2010

                                        s/ H. Kenneth Schroeder, Jr.
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**