**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD, 96-A-3015,**

                       **Plaintiff,**                  **08-CV-473(Sr)**

**v.**

**LESTER WRIGHT, et al.,**

                       **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #31.

Plaintiff filed this *pro se* action on or about June 25, 2008 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. In his complaint, plaintiff alleges that while incarcerated at the Attica Correctional Facility, he has been denied appropriate medical treatment for his serious medical condition. Dkt. #1. Specifically, plaintiff alleges that on March 10, 2008, defendants reduced the dosage of his intravenous steroid medication that he was scheduled to receive on that day. Dkt. #1, pp.4-5. Presently pending before this Court is plaintiff's motion for a preliminary injunction directing prison officials at Southport Correctional Facility ("Southport"), where plaintiff is presently being housed, to "immediately provide plaintiff appropriate medical care commensurate with prevailing community medical standards for a person suffering from multiple sclerosis with his degree of impairment." Dkt. #26, p.2.

As a threshold matter, the Court notes that the instant motion was originally filed on January 5, 2010 and as drafted by plaintiff, bears the caption *Malik Muhammad v. Scott Hodge and Angela Bartlett*; Case No. 07-CV-232. The Court further notes that although the case of *Malik Muhammad v. Scott Hodge and Angela Bartlett*; Case No. 07-CV-232 alleged wrongdoing that purportedly occurred while plaintiff was housed at Southport, the complaint alleged that during the period of November 2006 through December 2006, defendants, Scott Hodge and Angela Bartlett, failed to permit plaintiff to incur an encumbrance on his inmate account to make copies in connection with an Order to Show Cause pertaining to an ongoing Article 78 proceeding plaintiff was pursuing in New York State Supreme Court, Albany County. Simply stated, the case of *Malik Muhammad v. Scott Hodge and Angela Bartlett*; Case No. 07-CV-232 had absolutely nothing to do with plaintiff's diagnosis and treatment for multiple sclerosis and therefore, this Court directed the Clerk of Court to re-file the instant motion in the case of *Malik Muhammad v. Lester Wright, et al.*; Case No. 08-CV-473.[1] Indeed, this Court granted defendant Hodge's and defendant Bartlett's motion for summary judgment on March 24, 2010 and directed the Clerk of Court to close the case entitled *Malik Muhammad v. Scott Hodge and Angela Bartlett*; Case No. 07-CV-232.

---

[1] As will be discussed in greater detail below, upon further review and consideration, plaintiff's motion for a preliminary injunction does not relate to either of Malik Muhammad's cases that are presently pending in the Western District of New York, *Malik Muhammad v. Lester Wright, et al.*; Case No. 08-CV-473 or *Malik Muhammad v. Correctional Sergeant Lowe, et al.*; Case No. 08-CV-658. Rather, plaintiff's motion for a preliminary injunction asserts new claims relating to his medical treatment at Southport.

Thereafter, the Clerk of Court closed the case of *Malik Muhammad v. Scott Hodge and Angela Bartlett*; Case No. 07-CV-232 and plaintiff has since filed a Notice of Appeal.

> Plaintiff alleges in the instant motion for a preliminary injunction that,
>
>> upon review of the plaintiff's entire medical records, it would be clear by [sic] the determination of this court, that plaintiff is not receiving adequate medical treatment. It will also be clear that medical personnels [sic] of DOCS have been on notice since April, 2003, of plaintiff's condition and fail to adequately address his MS needs [sic] Court's [sic] have concluded that such deliberate indifference to plaintiff's serious medical needs is in violation of the Eighth Amendment.

Dkt. #26, p.3. In addition, plaintiff further alleges that,

> [p]laintiff hasn't been medically examined by Southport Medical Department despite such institute having knowledge of plaintiff's medical condition (MS) and being provided information personally by plaintiff upon his arrival to such facility [sic] added medical issues plaintiff sustained from Excessive Use of Force.

*Id*. at p.5. As noted above, plaintiff presently has two actions pending in the United States District Court for the Western District of New York, *Malik Muhammad v. Lester Wright, et al.*; Case No. 08-CV-473 and *Malik Muhammad v. Correctional Sergeant Lowe, et al.*; Case No. 08-CV-658. In the matter entitled, *Malik Muhammad v. Lester Wright, et al.*; Case No. 08-CV-473, plaintiff alleges that while he was incarcerated at the Attica Correctional Facility ("Attica") he was denied appropriate medical treatment for his serious medical condition, *to wit*, multiple sclerosis. Specifically, plaintiff alleges that on March 10, 2008, defendants reduced the dosage of his intravenous steroid medication that he was scheduled to receive on that day. In the matter entitled, *Malik*

*Muhammad v. Correctional Sergeant Lowe, et al.*; Case No. 08-CV-658, plaintiff alleges that his Constitutional rights were violated when he was subjected to excessive force while he was incarcerated at Attica. Because plaintiff's allegations as set forth in the instant motion for a preliminary injunction do not relate to either of the presently pending matters and purport to raise new claims relating to plaintiff's incarceration and medical treatment at Southport, it is hereby recommended that plaintiff's motion for a preliminary injunction be denied. The Court notes that to the extent plaintiff wishes to litigate claims relating to a denial of medical treatment for the period of his incarceration at Southport, such claims must be the subject of a separate action.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED: Buffalo, New York
May 25, 2010

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**