**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**MALIK MUHAMMAD, 96-A-3015,**

         **Plaintiff,**     **08-CV-473(Sr)**

**v.**

**LESTER WRIGHT, et al.,**

        **Defendants.**

_____

## <u>DECISION AND ORDER</u>

Currently before the Court are plaintiff's motions for appointment of counsel.  Dkt. ##46 and 62.  Plaintiff has previously filed three motions seeking the appointment of counsel (Dkt. #7, Dkt. #13 and Dkt. #25), all of which have been denied by this Court  (Dkt. #8, Dkt. #14 and Dkt. #29).

There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  _See, e.g._, _Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc._, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  _In re Martin-Trigona_, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-

examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).


The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).


The Court has once again reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he has been denied appropriate medical treatment for his serious medical condition. Dkt. #1. In support of his first motion for appointment of counsel to be addressed herein (Dkt. #46), plaintiff readily acknowledges that he has sought the appointment of counsel from this Court on

-2-

several occasions and that those requests have been denied.  In support of the instant

motion, plaintiff recounts his efforts to obtain counsel, including attaching copies of his

letters to various lawyers seeking representation.  Moreover, plaintiff attaches to this

motion a copy of his prison education record presumably to support his statement that

he has a "very low I.Q."  Finally, plaintiff asserts that the fact that he has multiple

sclerosis makes it very difficult for him to represent himself particularly because he has

limited access to the law library and to materials needed to prosecute his claim. Plaintiff

also argues that he lacks familiarity with the legal process.  Dkt. #46.


In the second "motion" (Dkt. #62) presently before this Court, plaintiff

purports to notify the Court that his First Amendment right to access to the Courts is

being violated at Sing Sing Correctional Facility and therefore, plaintiff reiterates his

need for the appointment of counsel.  Dkt. #62.  While it is unclear the relief plaintiff is

seeking in the instant motion, the Court will treat the motion as one seeking

appointment of counsel.  The Court notes, however, that plaintiff's access to the Courts

while incarcerated at the Sing Sing Correctional Facility is not a matter presently before

this Court and furthermore, it is not a matter over which this Court would have

jurisdiction, as Sing Sing Correctional Facility is located in Westchester County, within

the Southern District of New York.


As this Court has repeatedly stated in its prior Decisions, the facts in this

matter are not complex and plaintiff has not established at this stage of the proceedings

that he is unable to represent himself in this matter and that appointment of counsel is

warranted under the factors set forth above. The Court notes that on February 23, 2011, defendants filed a motion for summary judgment.  Dkt. #66.  That motion is presently pending before this Court and plaintiff's response to defendants' motion for summary judgment is due by May 31, 2011.  Dkt. #74.


       Plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.


       **SO ORDERED.**


DATED:     Buffalo, New York
             April 15, 2011


                *s/ H. Kenneth Schroeder, Jr.*
                **H. KENNETH SCHROEDER, JR.**
                **United States Magistrate Judge**