**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD, 96-A-3015,**

                                    **Plaintiff,**                    **08-CV-473(Sr)**

**v.**

**LESTER WRIGHT, et al.,**

                                    **Defendants.**

---

<u>**DECISION AND ORDER**</u>

Currently before the Court are the following motions:

1.      plaintiff's motion for an Order directing that a physical examination of a "medication bag" be conducted and an expert appointed to conduct the examination (Dkt. #44);

2.      plaintiff's motion to take the "depositions [sic] upon written questions" of an unidentified male neurologist employed by Buffalo General Hospital in March 2008 (Dkt. #45);

3.      plaintiff's motion to compel discovery (physical features of medicine bag used on March 10, 2008] (Dkt. #50); and

4.      plaintiff's motions to call an expert witness (Dkt. ##54 and 60).

In his complaint, plaintiff alleges that he has been denied appropriate medical treatment for his serious medical condition.  Dkt. #1.  Plaintiff alleges that in April 2003 he was diagnosed with multiple sclerosis and has been receiving treatment for the disease since that time.  *Id*. at p.3.  Specifically, plaintiff further alleges that on March 10, 2008,

defendants reduced the dosage of his intravenous steroid medication that he was

scheduled to receive on that day.  Dkt. #1, pp.4-5.


**Physical Examination of "Medication Bag"**

In his motion seeking, *inter alia*, to have this Court order the physical

examination of a "medication bag," plaintiff states,

> 1. To have, the one (oz) ounce medication bag be produced
> at such hearing for physical examination purposes.
> Moreover, a color photo and/or physical diagram of such
> medication bag must be provided to plaintiff as well. 2.
> Additionally, the maker (manufacture) [sic] of such
> medication bag also shall be provided to plaintiff by name
> and address and person responsible for such manufacturing
> products.  The examiner appointed/assigned to perform
> such physical examination report(s) must be in writing and
> must set put in detail the examiner's conclusions.

Dkt. #44.  Defendants filed opposition to the motion.  Dkt. #48.  The instant motion is

reminiscent of plaintiff's prior motions seeking the appointment of a medical expert

pursuant to Rule 706 of the Federal Rules of Evidence  (Dkt. #8) and seeking a

physical examination for plaintiff pursuant to Rule 35 of the Federal Rules of Civil

Procedure with respect to his diagnosis and treatment of multiple sclerosis.  Dkt. #17.

This Court denied plaintiff's prior motion seeking the appointment of an expert witness

on the grounds that, "[a]t this early stage of the proceeding, there is no basis for the

Court to believe that plaintiff's claim of denial of adequate medical care cannot be

grasped without the assistance of an appointed medical expert."  Dkt. #10.  Moreover,

the Court denied plaintiff's motion seeking a physical examination on the grounds that,

"Rule 35 does not authorize a party to file a motion for his own physical examination and this Court has previously denied plaintiff's motion for an expert witness."  Dkt. #30.

Here, relying once again on Rule 35, plaintiff seeks an Order directing a physical examination of a "medication bag," the name and address of the manufacturer of the medication bag and a written report from an examiner to be appointed by the Court to examine the "medication bag" setting forth the examiner's conclusions.  Dkt. #44.  Rule 35(a)(1) and (2) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) The court where the action is pending may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
> (2)(A) The order may be made only on motion for good cause and on notice to all parties and the person to be examined ...

The decision to grant or deny a Rule 35(a) examination is committed to the sound discretion of the district court.  *O'Quinn v. New York University Medical Center*, 163 F.R.D. 226, 228 (S.D.N.Y.1995); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y.1993). The moving party, however, must bear the cost of the examination. *Eckmyre v. Lambert*, No. Civ. A. 87-222-O, 1988 WL 573858, at *1 (D.Kan. Sept. 6, 1988) (noting that the moving party bears the cost of the examination and the party being examined bears all other costs).

Contrary to plaintiff's motion, Rule 35 does not contemplate the physical examination of a thing, *to wit*, a medication bag.  In their opposition to the instant

motion, defendants argue that plaintiff never even served a discovery demand seeking
the requested item/information.  Dkt. #48, ¶ 4.  In addition, defendants assert that they
are not responsible for retaining an expert and/or examiner on plaintiff's behalf nor are
they required to pay for said expert/examiner.  *Id*. at ¶ 6.  Finally, defendants maintain
that plaintiff has not "described with sufficient particularity" the item he wishes to have
inspected/examined so that the item can be properly identified.  *Id*. at ¶ 7.  Although
plaintiff's March 10, 2008 treatment for multiple sclerosis is a matter in controversy as
alleged in plaintiff's complaint, the instant motion is, on the one hand, an attempt by
plaintiff to obtain discovery without having first properly sought the disclosure of the
item pursuant to the Federal Rules of Civil Procedure, and on the other hand, an
attempt by plaintiff to secure an expert witness through alternative means because his
previous request was denied.  As discussed above, this Court has previously denied
plaintiff's motion for an expert witness and in its previous Decision and Order, this Court
noted,

> [t]he Court should also bear in mind the substantial expense
> that defendants may have to bear if the Court appoints an
> expert in a case where, as in this action, one of the parties is
> indigent.  *See* F.R.E. 706(b).  Given the large number of
> cases involving indigent prisoners, and the substantial costs
> that may result, appointment of an expert should be used
> sparingly.

Dkt. #10 (internal citations omitted).  In addition to the foregoing, the Court notes that
plaintiff's motion fails to articulate the reason why the disclosure and physical
examination of the medication bag is at all necessary.  Plaintiff's first request for the
production of documents (Dkt. #16) filed on December 29, 2009 requested, "[a]
exclusive detail but not limited to physical diagram of representation depicting the size

-4-

of the liquid steroid treatment medication bag and the amount of "C.C's" such medication bag consist [sic] of."  Dkt. #16, p.3.  In their response filed on January 27, 2010, defendants stated, "Defendants do not possess any such diagram. Otherwise defendants refer plaintiff to his medical records provided herewith in response to the remainder of the request."  Dkt. #22.  The Court further notes that plaintiff's motion to compel (Dkt. #50) presently pending before this Court also relates to a "medicine bag" and the relief requested therein will be separately addressed below.

Finally, on February 23, 2011, defendants filed a motion for summary judgment (Dkt. #66) that is presently pending before this Court.  In fact, by Text Order filed March 17, 2011, this Court granted plaintiff's request for additional time to file his response to defendants' motion for summary judgment.  Dkt. #74.  Plaintiff's response to defendants' motion for summary judgment is due by May 31, 2011.  *Id*.  Thus, because a motion for summary judgment is presently pending and neither Rule 35 nor the Federal Rules of Civil Procedure contemplate the relief plaintiff now seeks, the instant motion is denied.  As will be discussed below, if necessary, this Court can consider plaintiff's request for the appointment of an expert witness after defendants' motion for summary judgment has been decided.

**Deposition Upon Written Questions**

By this motion, plaintiff seeks to submit "depositions [sic] upon written questions" to an unknown male neurologist employed by Buffalo General Hospital in March 2008.  Dkt. #45.  In addition, plaintiff is also requesting that the unknown male

neurologist produce documents pursuant to Rule 30 of the Federal Rules of Civil

Procedure.  *Id*.  In their opposition to the instant motion, defendants argue that:

"[d]efendants do not have any type of control over said unidentified male neurologist,

nor do they have possession, custody or control over any documents that plaintiff seeks

from the unidentified neurologist."  Dkt. #56, ¶ 5.  Rule 31 of the Federal Rules of Civil

Procedure provides the mechanism whereby the plaintiff may seek a deposition by

written questions, provided that the plaintiff bear the costs of such discovery.  *See Drum*

*v. Clarke*, No. C36-5360 RBL/KLS, 2007 WL 737329, at *2 (W.D. Wash. 2007) (stating

plaintiff "must bear his own discovery costs, including service of subpoenas on third

parties . . . Despite Plaintiff's *in forma pauperis* status, Plaintiff bears the burden of

ensuring that service is completed according to the dictates of Rule 45.").  Finally,

defendants correctly assert that "plaintiff can properly accomplish the above [deposition

on written questions] pursuant to the Federal Rules of Civil Procedure, provided he

bears the costs associated with same, without Court intervention."  Dkt. #56, ¶ 8.

Accordingly, for the foregoing reasons, plaintiff's motion to submit "depositions [sic]

upon written questions" to an unidentified male neurologist is denied.


**Motion to Compel**

By his motion to compel (Dkt. #50) plaintiff seeks an Order compelling

defendants "to produce for inspection and/or copying the document that shows all

physical features of the medicine bag used on March 10, 2008 that was utilized to

medically provide plaintiff with steroid medication ("methylprednisolone")."   Dkt. #50,

p.1.  In their opposition to the instant motion, defendants reiterate that in his first request for the production of documents, plaintiff sought the following, "[a] exclusive detail but not limited to physical diagram of representation depicting the size of the liquid steroid treatment medication bag and the amount of "C.C's" such medication bag consist [sic] of."  Dkt. #58, ¶ 4, *see also* Dkt. #16, p.3.  As discussed above, in their response, defendants stated that "[d]efendants do not possess any such diagram. Otherwise defendants refer plaintiff to his medical records provided herewith in response to the remainder of the request."  Dkt. #58, ¶ 6.  Accordingly, because defendants do not possess any documents responsive to this request, defendants state that they are unable to provide him with same.  *Id*. at ¶ 7.  Thus, for the foregoing reasons and based on the representations made by defendants that documents responsive to plaintiff's request do not exist, plaintiff's motion to compel is denied as moot.

**Expert Deposition**

In two separately filed motions, plaintiff advises that "he wishes to call expert medical Doctor - D. Hojnacki."  Dkt. ##54 and 60.  A careful review of the two motions reveals that plaintiff is asking the Court to first, appoint D. Hojnacki as an expert witness on plaintiff's behalf and second, direct that D. Hojnacki submit to a deposition.  *Id*.  Defendants have filed opposition to both motions (Dkt. ##54 and 60). Dkt. ##59 and 61.  As a threshold matter, the Court notes that plaintiff previously filed a motion seeking the appointment of an expert (Dkt. #8) which this Court denied (Dkt.

#10).  The Court's denial of plaintiff's prior motion was based in part on this Court's

conclusion that there was no basis to believe that plaintiff's claim of denial of adequate

medical care cannot be grasped without the assistance of an appointed medical expert

and the substantial expense the defendants may have to bear if an expert is appointed

for one of the parties who is indigent.  Dkt. #10, p.2.  In addition to the foregoing, here,

the Court notes that the doctor plaintiff seeks to have appointed as an expert, D.

Hojnacki, is the Buffalo General Hospital doctor who allegedly treated plaintiff and

would be a fact witness in this case if he is called to testify.  Defendants oppose the

instant motions stating, "[d]efendants would also object to having said doctor appointed

as an expert, as he allegedly treated plaintiff by prescribing liquid steroids to plaintiff, an

issue which is at the heart of this instant lawsuit.  Accordingly, there would be potential

bias and a conflict of interest which would preclude him from testifying as an expert in

this matter."  Dkt. #59, ¶ 7; Dkt. #61, ¶ 7.


        Finally, as discussed above, on February 23, 2011, defendants filed a

motion for summary judgment.  Dkt. #66.  That motion is presently pending before this

Court and plaintiff's response to defendants' motion for summary judgment is due by

May 31, 2011.  Dkt. #74.  Because a motion for summary judgment is presently

pending and the need for expert testimony may not be necessary, plaintiff's motions are

denied.  If necessary, the Court can consider the need for expert testimony once the motion for summary judgment has been decided.

**SO ORDERED.**

DATED:      Buffalo, New York
            April 15, 2011


                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**